Kevin P. McCulloch, Esq.
kevin@mkiplaw.com
Nate A. Kleinman, Esq.
nate@mkiplaw.com
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JSM MUSIC, INC., *Plaintiff*, v. MARCUM LLP, *Defendant*. | Civil Case No. COMPLAINT JURY TRIAL DEMANDED |

Plaintiff JSM Music Inc., by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for its Complaint against Defendant Marcum LLP hereby asserts and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement brought against Defendant for unauthorized and infringing uses of Plaintiff's copyrighted music.

2. Plaintiff seeks damages and other relief related to Defendant's knowing and willful infringement of Plaintiff's copyrights in the original musical work that is the subject of this action.

## PARTIES

3. Plaintiff JSM Music, Inc. ("PLAINTIFF" or "JSM") is a world-renowned commercial music production and sound design company.

4. JSM provides music production services for some of the world's most influential and profitable brands across all digital, broadcast, film, television, live experiential, and mobile media.

5. JSM is a registered New York corporation with its principal office located in New York City.

6. Defendant Marcum LLP ("DEFENDANT" or "MARCUM") is an international accounting firm.

7. MARCUM is a registered New York limited liability partnership with its headquarters located at 730 Third Avenue, 11th Floor, New York, NY 10017.

8. Upon information and belief, MARCUM generates over $1 billion in annual revenues and is one of the fastest-growing accounting firms in the country.

## JURISDICTION AND VENUE

9. Jurisdiction for JSM's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

10. This Court has general personal jurisdiction over DEFENDANT because it is a registered New York domestic partnership that maintains its headquarters in this District and conducts substantial and continuous business in this District.

11. DEFENDANT also is subject to jurisdiction in this District related specifically to JSM's claims in this action because it obtained a copy of JSM's original, copyrighted musical composition from JSM in this District and pursuant to a long-ago expired limited license agreement that was formed in and subject to the laws of New York.

## FACTUAL ALLEGATIONS

12. Beginning in or around 2015, JSM created and produced original music (the "WORK") that it licensed to DEFENDANT on a limited basis for use in a commercial advertising campaign consisting of a series of television commercials, known as the "Ask Marcum" campaign (hereinafter the "CAMPAIGN").

13. JSM is the author of and owns the exclusive copyrights in and to WORK.

14. JSM retained copyrights in and to the sound recording of the underlying music licensed for use in the CAMPAIGN.

15. JSM has registered its copyrights in and to the WORK with the United States Copyright Office.

16. JSM licensed the WORK to DEFENDANT through ad agencies acting on behalf of DEFENDANT.

17. The license that JSM granted to DEFENDANT was limited in duration and, after a prior renewal, expired on March 27, 2019.

18. The license issued to DEFENDANT also was limited in scope and permitted DEFENDANT to use the WORK only in broadcast (*i.e.*, television) media.

19. JSM's WORK is a musical "mnemonic" comprised of an original melody written in the key of C and performed by multiple string instruments in a staccato-style rhythm.

20. An effective musical mnemonic – akin to a "jingle" – is extremely valuable to a company and brand, as it creates an audible "hook" that is easily memorable and creates a lasting association between the viewer and the advertised brand.

21. Despite knowing the terms of its limited license, DEFENDANT continued to use JSM's copyrighted WORK in commercials for the CAMPAIGN that DEFENDANT distributed, published, publicly performed, or broadcast (or caused others to distribute, publish, publicly perform, or broadcast) after the expiration of its license.

22. Therefore, in or about June 2019, JSM filed a complaint against DEFENDANT in this Court related to its unauthorized uses of the WORK, captioned *JSM Music, Inc. v. Marcum LLP, et al.*, Case No. 1:19-cv-05742-WHP (the "2019 Litigation").

23. The 2019 Litigation was settled out of court and a dismissal order was entered on November 6, 2019.

24. The settlement agreement reached between JSM and DEFENDANT in 2019 did not grant a license to DEFENDANT or permit it to continue to use JSM's WORK in the CAMPAIGN or otherwise.

25. DEFENDANT also did not seek to renew its prior license or request a new license to use JSM's WORK after the 2019 Litigation was dismissed.

26. In or about June 2024, JSM became aware that DEFENDANT once again was using JSM's WORK, without permission or license, in various commercials related to its "Ask Marcum" CAMPAIGN that recently aired on television, including multiple different ad "spots" identified by Vivvix – a website that monitors commercial airings for purposes of royalty reporting – which have been aired hundreds of times between 2020 and 2024.

27. Upon information and belief, DEFENDANT also has published commercials related to its CAMPAIGN since the dismissal of the 2019 Litigation that include JSM's WORK in various other media, including online through YouTube, DEFENDANT's website, and other social media platforms.

28. JSM presently lacks the information necessary to determine the full scope of DEFENDANT's unauthorized and infringing use of JSM's WORK, as that information remains in DEFENDANT's sole possession and is not reasonably available to JSM.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. JSM repeats and re-alleges each allegation set forth above as if it has been set forth fully here.

30. JSM is the author and copyright owner of both the musical work and sound recording identified herein as the "WORK" that again has been used by DEFENDANT in various commercials related to its CAMPAIGN without license or permission from JSM.

31. In June 2019, JSM registered the sound recording embodying the WORK with the United States Copyright Office under Registration No. SR 844-079, titled or identified therein as the "Marcum Spot Music, 2015."

32. Since the 2019 Litigation, DEFENDANT has committed substantial new infringements of JSM's exclusive copyrights by copying, publicly performing, distributing, publishing, and otherwise using JSM's WORK without permission or a license, including but not limited to using the WORK in multiple commercials that have aired hundreds of times on television and, upon information and belief, other media platforms or outlets.

33. DEFENDANT's infringements were blatantly willful, knowing, and intentional.

34. Having been previously sued by JSM for copyright infringement in 2019, DEFENDANT undeniably was on notice of both JSM's copyrights to the WORK and that DEFENDANT lacked a license or permission to use JSM's WORK going forward.

35. Nevertheless, DEFENDANT copied, reproduced, and used JSM's WORK in multiple CAMPAIGN commercials that DEFENDANT – either directly or through others acting on its behalf – published, distributed, and/or publicly performed in nationally broadcast television commercials.

36. Upon information and belief, DEFENDANT intentionally used JSM's WORK in new, different CAMPAIGN commercials after the 2019 Litigation because of the effectiveness of JSM's music as a mnemonic device, leading to substantially increased sales, revenue, brand exposure, and profits to DEFENDANT.

37. DEFENDANT either knew it was newly violating JSM's copyrights by using the WORK in commercials created, distributed, and aired/published after the 2019 Litigation, or at least was willfully blind and/or acted with reckless disregard of JSM's copyrights.

38. By copying, performing, distributing, and otherwise exploiting JSM's copyrighted WORK, DEFENDANT infringed JSM's copyrights and caused JSM significant injuries, damages, and losses in amounts to be determined at trial.

39. Therefore, JSM hereby seeks all damages recoverable under the Copyright Act, including statutory or actual damages, DEFEDNANT's ill-gotten profits attributable to the infringements of JSM's copyrights, and JSM's lost licensing fees.

**WHEREFORE,** JSM respectfully prays for judgment on its behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against DEFENDANT from copying, displaying, distributing, performing, and/or exploiting in any manner JSM's copyrighted work identified herein, and requiring DEFENDANT to deliver to the Court for destruction or other appropriate disposition all relevant materials, including any/all digital files of JSM's music and all copies of the infringing materials described in this Complaint that are in the control or possession or custody of DEFENDANT;

3. All allowable damages under the Copyright Act, including statutory or actual damages, to be elected by JSM at the appropriate time pursuant to Section 504 of the Copyright Act;

4. JSM's full costs and attorneys' fees, as permitted under Section 505 of the Copyright Act or otherwise under applicable law, regulation, or rule; and

5. For such other and further relief as the Court deems just and proper.

Dated: July 10, 2024

Respectfully submitted,

/s/ Kevin P. McCulloch
Kevin P. McCulloch, Esq.
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
kevin@mkiplaw.com