**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
JSM MUSIC, INC.,

Plaintiff,

-against-

MARCUM LLP,

Defendant.
---------------------------------------------------------------------X

**24 Civ. 5219 (JHR) (GS)**

**OPINION & ORDER**

**GARY STEIN, United States Magistrate Judge:**

In this copyright infringement action, Defendant Marcum LLP ("Marcum" or "Defendant") has filed a motion for sanctions against Plaintiff JSM Music, Inc. ("JSM" or "Plaintiff") and JSM's counsel under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (Dkt. No. 59). For the reasons set forth below, Defendant's motion is **DENIED**.[1]

**BACKGROUND**

This is the second copyright infringement action that JSM, a commercial music production company, has brought against Marcum, an accounting firm. (Complaint, Dkt. No. 1 ("Compl.") ¶¶ 4, 6). In 2015, JSM created a musical mnemonic, or "jingle," that it licensed to Marcum for use in Marcum's "Ask Marcum" television advertising campaign (the "JSM jingle"). (*Id.* ¶ 12). The license expired in March 2019, but later that year, JSM sued Marcum for continuing to use

[1] In support of its motion, Marcum submitted a memorandum of law (Dkt. No. 61 ("Mot.")) and a declaration from its counsel, Barry M. Kazan, with exhibits (Dkt. No. 60 ("Kazan Decl.")). JSM submitted a memorandum of law in opposition (Dkt. No. 63 ("Opp'n")) along with a declaration and exhibits from its counsel, Kevin McCulloch (Dkt. No. 64 ("McCulloch Decl.")). Marcum then filed a reply brief in further support of its motion. (Dkt. No. 65 ("Reply")).

the JSM jingle without permission in commercials aired after the license expired. (*Id.* ¶¶ 12, 17, 21-22). *See JSM Music, Inc. v. Marcum LLP*, No. 19 Civ. 5742 (WHP) (S.D.N.Y.). The case was settled and dismissed in November 2019. (*Id.* ¶ 23).

In June 2024, while watching television one morning, JSM's owner, Joel Simon, heard the JSM jingle during an "Ask Marcum" commercial. (Opp'n at 3; Kazan Decl. Ex. 13 at 3). Claiming that Marcum was again infringing its work, JSM's litigation counsel sent Marcum a cease-and-desist letter on June 26, 2024 and thereafter demanded to see documentation of Marcum's media buys involving the commercial at issue since the prior litigation. (Kazan Decl. Exs. 1, 3). JSM also learned that its jingle was being used in more than one Marcum commercial. (*Id.* Ex. 3 at 5). Although Marcum's in-house counsel responded to JSM's litigation counsel and offered to obtain the documentation (*id.* Exs. 2, 3 at 2, 4, 6), when the documentation was not provided by JSM's chosen deadline, JSM filed this action on July 10, 2024. (*Id.* Ex. 3 at 4, 7-8). The Complaint contains a single claim for copyright infringement. (Compl. ¶¶ 29-39).

Central to Marcum's current motion for sanctions is Paragraph 26 of JSM's Complaint. That paragraph alleges:

> In or about June 2024, JSM became aware that DEFENDANT once again was using JSM's WORK, without permission or license, in various commercials related to its "Ask Marcum" CAMPAIGN that recently aired on television, including multiple different ad "spots" identified by Vivvix – a website that monitors commercial airings for purposes of royalty reporting – which have been aired hundreds of times between 2020 and 2024.

(Compl. ¶ 26).

Marcum reads Paragraph 26 as asserting "claims of copyright infringement against Marcum for the time period 2020-2023." (Mot. at 1; *see also, e.g.*, *id.* at 4 (referring to JSM's "2020-2023 infringement claims"); Reply at 1 (referring to JSM's "claim of infringement against Marcum for the 2020-2023 time period")). According to Marcum, it only used the JSM jingle (following the 2019 lawsuit) during a six-week period between May 13, 2024 and June 24, 2024. (Mot. at 3). No instances of infringement took place from 2020 through 2023. (*Id.* at 2). Therefore, Marcum reasons, Paragraph 26 falsely accuses it of engaging in copyright infringement from 2020 to 2023. (*Id.* at 4).

Not only is Paragraph 26 false, according to Marcum, but it warrants sanctions under Rule 11 because JSM had no reasonable basis for claiming copyright infringement from 2020 to 2023 at the time the Complaint was filed. (*Id.* at 1). Marcus claims that discovery has shown that Vivvix, cited as a source for information in Paragraph 26, does not even track musical notes used in commercials and had no ability to identify whether the JSM jingle was used in Marcum's commercials or not. (*Id.* at 2). Discovery has also shown, Marcum states, that JSM had no direct contact with Vivvix prior to filing the Complaint, but instead relied on its third-party royalty administrator, Litchfield Entertainment Co. ("Litchfield"), which made "unfounded and unreasonable assumptions and conclu[sions]" about Vivvix's capabilities. (*Id.* at 2, 10).

Marcum also claims that JSM has violated Rule 11 by "continu[ing] to prosecute its frivolous claim" of copyright infringement for 2020 to 2023 despite the

fact that discovery has "failed to yield one iota of factual support" for that claim. (*Id.* at 3, 20). On August 8, 2025, Marcum provided JSM with formal notice of its intent to move for Rule 11 sanctions and included a draft of its motion. (Kazan Decl. ¶ 25). Nevertheless, Marcum complains, JSM still "has not indicated its intention to withdraw its claims for infringement for the time period 2020-2023." (Mot. at 17).

Marcum further argues that JSM's continued pursuit of infringement claims from 2020 to 2023 constitutes grounds for sanctions against JSM's counsel under 28 U.S.C. § 1927. (*Id.* at 23-25). Marcum accuses JSM's counsel of acting "in bad faith or for an improper purpose" in making allegations that have "unreasonably and vexatiously prolong[ed] this litigation," requiring Marcum to needlessly incur costs and attorney's fees. (*Id.* at 23, 25). As a result, Marcum contends, JSM should be held liable for all of Marcum's fees in defending the litigation. (*Id.* at 25).

JSM and its counsel strenuously oppose Marcum's motion and any insinuation of bad faith, arguing, *inter alia*, that "the allegations in Paragraph 26 are true on their face and accurately reflect the information provided to JSM," that JSM "had grounds to believe that Marcum had illegally used the JSM recording sometime after the settlement in 2019, up through 2024," and that "seeking discovery to determine the true facts where an opponent does not provide support for its representations is not sanctionable misconduct." (Opp'n at 8, 12 (citation omitted)). JSM contends that Marcum's motion itself is frivolous and violates Rule

11, warranting an award of attorney's fees to JSM for having to defend against the motion. (*Id.* at 26).

## LEGAL STANDARDS

### A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> 3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(3).

If the Court determines that "Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "The Second Circuit has determined that Rule 11 sanctions should be 'imposed with caution.'" *Scheiner v. Wallace*, 860 F. Supp. 991, 1002 (S.D.N.Y. 1994) (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)). "[C]ourts must assess whether an attorney's conduct was objectively reasonable at the time he or she signed the pleading, motion, or other paper." *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F. Supp. 957, 971 (S.D.N.Y. 1993). It therefore follows that the Court must not "allow hindsight to skew judgment." *Id.* at 972 (citation omitted).

In determining whether Rule 11 sanctions are appropriate, "all doubts are to be resolved in favor of the signer." *Rounseville v. Zahl*, 13 F.3d 625, 633 (2d Cir. 1994). Courts should impose sanctions for factual allegations only when "a particular allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). Moreover, Rule 11 motions "should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position." Fed. R. Civ. P. 11 advisory committee's note to the 1993 Amendments; *see also Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 337 (S.D.N.Y. 2025).

**B. 28 U.S.C. § 1927**

The Court also has authority to issue sanctions against attorneys pursuant to 28 U.S.C. § 1927 when "excessive litigation costs are caused by unreasonable, vexatious proceedings." *Reichmann v. Neumann*, 553 F. Supp. 2d 307, 319 (S.D.N.Y. 2008). The statute reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

To impose sanctions under this statute, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith," *i.e.*, "'motivated by improper purposes such as harassment or

delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

## DISCUSSION

### A. Marcum's Request for Rule 11 Sanctions Is Denied

The Court finds Marcum's request for sanctions under Rule 11(b)(3) to be without merit, whether based on the initial filing of JSM's Complaint or JSM's conduct thereafter.

#### 1. The Complaint Does Not Contain "Claims of Copyright Infringement" for 2020 to 2023

At the outset, the Court notes that Marcum's entire sanctions motion is premised on a strawman: that the Complaint contains "claims of copyright infringement against Marcum for the time period 2020-2023." (Mot. at 1). In fact, the Complaint contains no "claim" of copyright infringement for those years in particular. Rather, JSM alleges a single cause of action for copyright infringement, which is not defined by any time period. (*See* Compl. ¶¶ 29-39). And Marcum does not dispute that JSM had, and has, a reasonable basis for that claim. (*See* Mot. at 3). Nor does Paragraph 26 contain separate allegations of copyright infringement for the years 2020 to 2023 on the one hand and 2024 on the other. It instead refers to ad spots that have aired "between 2020 and 2024."

Indeed, at least when read in a light favorable to JSM, Paragraph 26 does not charge Marcum with infringing JSM's copyright between 2020 and 2023. Rather, it alleges that, in or about June 2024, JSM became aware that Marcum "was using

JSM's WORK . . . in various commercials related to its 'Ask Marcum' CAMPAIGN that *recently* aired on television[.]" (Emphasis added). The word "recently" means "a relatively short time ago, or during the last short while." *Recently*, Dictionary.com (available at https://www.dictionary.com/browse/recently). In the context of JSM's Complaint, "recently" suggests during 2024 itself, which is when JSM's Simon personally observed (and Marcum concedes) that Marcum used JSM's jingle without permission. JSM's use of the word "recently" is inconsistent with Marcum's premise that Paragraph 26 charges infringement going back two, three, or four years earlier.

To be sure, Paragraph 26 goes on to allege that the "recently aired" infringing commercials "include[d] multiple different ad 'spots' . . . which have been aired hundreds of times between 2020 and 2024." But in context, that language is reasonably understood as an allegation that the same *ads* ran hundreds of times in earlier years, not an affirmative claim that all (or any) of those earlier ads contained the same JSM *jingle*. Marcum appears to concede that, in fact, the same ads did run from 2020 to 2023—but contained a different jingle that was prepared by a different composer. (Mot. at 9-10).

This understanding of Paragraph 26—*i.e.*, that it does *not* contain "claims of copyright infringement against Marcum for the time period 2020-2023"—is reinforced by the Complaint's allegation, two paragraphs later, that "JSM presently lacks the information necessary to determine the full scope of [Marcum's] unauthorized and infringing use of JSM's WORK, as that information remains in

[Marcum's] sole possession and is not reasonably available to JSM." (Compl. ¶ 28). As JSM argues, Paragraphs 26 and 28, read in conjunction, make plain that JSM did not know when Marcum may have used the JSM jingle and was not claiming that Marcum had done so in any specific year, other than 2024. (*See* Opp'n at 4). For purposes of this motion, therefore, the Complaint is best construed as claiming that Marcum used JSM's jingle without permission in 2024 and *may have* done so during 2020 to 2023. *See Rounseville*, 13 F.3d at 633 (all doubts must be resolved in favor of the signer of the complaint).

**2. Paragraph 26 Is Not Sanctionable**

To the extent that the Complaint alleges that Marcum may have infringed JSM's copyright during the years 2020 to 2023, so as to expand the scope of the litigation to cover those years for purposes of discovery, the Court cannot conclude that JSM lacked a reasonable basis for such an allegation. *See* Fed. R. Civ. P. 11 advisory committee's note to the 1993 Amendments (noting that Rule 11(b)(3) recognizes that "sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation").

To start, JSM knew that Marcum had previously used the JSM jingle without permission in 2019, which required JSM to file a copyright infringement lawsuit to protect its rights. Then JSM's Simon, apparently by chance, observed another unauthorized use of the JSM jingle in June 2024. (Opp'n at 3). Under such circumstances JSM would naturally, and reasonably, have been concerned that

there were other infringing uses by Marcum between 2019 and 2024. Before filing suit, JSM brought up this concern to Marcum, and Marcum was not able to immediately put the concern to rest by providing JSM with documentation proving that any additional infringement was limited to 2024. (*Id.* at 3-4).

While Marcum suggests that JSM should have waited for Marcum to complete its investigation before filing suit (*see* Mot. at 8), nothing in Rule 11 required JSM to do so, provided it had a colorable basis for the allegations in the suit it filed. *See Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." (citation omitted)). Further, as JSM notes (Opp'n at 10-11), delay could have resulted in potential claims becoming untimely under the Copyright Act's three-year statute of limitations. *See* 17 U.S.C. § 507(b).

Moreover, before bringing suit, Simon contacted Litchfield, JSM's royalty administrator, to ask if Litchfield could identify when Marcum's infringement began. (Opp'n at 3). On June 26, 2024, Litchfield's owner sent Simon an email stating that, "[a]ccording to Vivvix, the website that monitors the spots we report to the societies, all of the spots we submitted continued to air after 2019," and attaching a spreadsheet with the number of occurrences "beginning [in] 2020" along with MP3s of the spots. (McCulloch Decl. Ex. 1). Although Litchfield did not state that it or Vivvix had identified any Marcum ad spots prior to 2024 with JSM's jingle, the email provides evidentiary support for the allegation in Paragraph 26

that, based on information from Vivvix, the same spots that contained JSM's jingle in 2024 had run in prior years beginning in 2020.

Marcum's criticisms of JSM's reliance on Litchfield's information are unavailing. For starters, as discussed above, JSM did not use Litchfield's information to claim copyright infringement during 2020 to 2023. JSM used that information to allege—accurately—that the same spots (not necessarily with the same jingle) had run from 2020 to 2024. Moreover, even if, as Marcum contends, *Litchfield* made "unfounded and unreasonable" assumptions about Vivvix's capabilities (Mot. at 2), what matters is what *JSM* knew or believed at the time it filed its Complaint. The record is barren of any evidence that JSM or its counsel, at the time the Complaint was filed, knew that Litchfield's assumptions were unfounded or lacked a reasonable basis to believe that Marcum's second round of infringement may have begun prior to 2024.

As JSM had a colorable basis for its allegation in Paragraph 26 at the time it filed the Complaint, there is no basis for an award of sanctions based on that allegation.

**3. JSM's Refusal to "Withdraw" Paragraph 26 Is Not Sanctionable**

Marcum's argument that JSM should be sanctioned for not withdrawing its "claims" for copyright infringement for the years 2020 to 2023, once discovery proved those claims to be unfounded, is equally wide of the mark.

The Court "may impose sanctions on a party for refusing to withdraw an allegation or claim even after it was shown to be inaccurate." *Galin v. Hamada*, 283

F. Supp. 3d 189, 202 (S.D.N.Y. 2017) (cleaned up), *aff'd*, 753 F. App'x 3 (2d Cir. 2018). Here, as described above, JSM has not made a "claim" for infringement in 2020 to 2023. Paragraph 26, in particular, does not affirmatively assert such a claim. Consequently, there is nothing for JSM to "withdraw." The allegation in Paragraph 26 that Marcum "recently aired" infringing commercials using JSM's jingle has ample evidentiary support. Marcum does not contend otherwise.[2]

To the extent Marcum argues that, once Marcum represented that its use of JSM's jingle was limited to a six-week period in May and June 2024, JSM should have accepted that representation and abandoned further discovery into the question of when Marcum's use of the jingle began (*see* Mot. at 8), that argument is equally unavailing. A litigant is not required to accept its adversary's factual representation at face value. Given the circumstances of this case, JSM was entitled to pursue discovery from third parties to test Marcum's assertion and determine whether earlier acts of infringement had occurred. *See Jeudy v. O'Leary*, No. 08 Civ. 1762 (DGT) (MDG), 2009 WL 931171, at *1 (E.D.N.Y. Apr. 3, 2009) ("Clearly, no litigant is required to accept an adversary's factual contentions concerning injuries, damages or any other issue in a case."); *Leasco Data Processing Equip. Corp. v. Maxwell*, No. 69 Civ. 4790, 1974 WL 370, at *8 (S.D.N.Y. Feb. 7, 1974) (finding that plaintiffs were not required to take defendants' pre-discovery

[2] JSM asserts, and has provided evidence substantiating, that the infringing "Ask Marcum" commercials aired more than 400 times during 2024. (Opp'n at 8, 10; McCullough Decl. Ex. 2). Thus, even if Paragraph 26 could be read as alleging that Marcum ran infringing ads "hundreds of times between 2020 and 2024," that allegation is literally true.

representation "at face value" and were "entitled to explore the issues through pre-trial discovery").

Moreover, now that discovery is complete, it does not appear that JSM is contending that Marcum engaged in infringing acts prior to 2024. As Marcum itself notes (Mot. at 1), at a conference on August 27, 2025, the Court asked JSM's counsel to confirm that "discovery has not proven—tell me if I have this wrong—that there were any occurrences [of infringement] prior to 2024." JSM's counsel responded: "That is looking to be true. Yes, your Honor." (Dkt. No. 54 at 21:5-9). JSM's opposition to Marcum's sanctions motion likewise contains no argument that JSM currently believes, or has any evidence, that Marcum infringed its copyrights at any point from 2020 to 2023. Hence, even if it did not officially "withdraw" any allegation in direct response to Marcum's August 8, 2024 Rule 11 demand, JSM has, in substance, indicated that it will no longer be pursuing any allegation of infringement in 2020 to 2023. *See In re Khan*, 488 B.R. 515, 539 (Bankr. E.D.N.Y. 2013) (recognizing that "where a party clarifies statements that might otherwise have been sanctionable, sanctions would not be imposed").

"'Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment.'" *Kumaran*, 762 F. Supp. 3d at 337 (quoting *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003)). That, in effect, is how Marcum seeks to deploy Rule 11 here. If and when, in response to a post-discovery motion for summary judgment, motion *in limine*, or

otherwise, JSM were to argue—contrary to what it stated at the August 27 conference—that Marcum should be held liable for infringing its copyright prior to 2024, then Marcum might have a well-founded motion for sanctions under Rule 11. As of now, it does not.[3]

### B. Marcum's Request for Sanctions Under 28 U.S.C. § 1927 Is Denied

For substantially the same reasons, the Court also finds that Marcum has not met its burden of providing "clear evidence" that JSM's continued pursuit of possible infringement claims from 2020 to 2023 either was "entirely without color" or was done "in bad faith." *Eisemann*, 204 F.3d at 396. Doubtless Marcum believes that this lawsuit should have been confined to the question of whether Marcum infringed JSM's copyright in television ads that aired between May 13, 2024 and June 24, 2024. (*See* Mot. at 3). But it cannot be said that JSM's counsel had no colorable basis for investigating through discovery whether there were earlier and additional acts of infringement, or that, in doing so, counsel acted with the improper motive of unnecessarily multiplying proceedings or "trying to justify a damage award well in excess of what could ever be awarded for six weeks of alleged

[3] Marcum's own cases only underscore this point. In *Edmonds v. Seavey*, No. 08 Civ. 5646 (HB), 2009 WL 4404815 (S.D.N.Y. Dec. 2, 2009), the court only reached the sanctions issue after it "granted summary judgment to all defendants on Plaintiff's RICO claims and dismissed the remaining state causes of actions for lack of subject matter jurisdiction." *Id.* at *1. In the decision underlying the award of sanctions against copyright attorney Richard Liebowitz, Judge Furman issued sanctions only after the case had been voluntarily dismissed. *Usherson v. Bandshell Artist Mgmt.*, No. 19 Civ. 6368 (JMF), 2020 WL 3483661, at *6, 10 n.2 (S.D.N.Y. June 26, 2020). And in *Galin v. Hamada*, the court considered the Rule 11 motion in conjunction with a motion for summary judgment, first granting summary judgment in favor of the defendant, and only then sanctioning Galin and his counsel for failing to drop the lawsuit. *See* 283 F. Supp. 3d at 199–200, 202–04.

infringement." (*Id.*). Therefore, Marcum's request for sanctions under 28 U.S.C. § 1927 must also be rejected.

### C. Plaintiff's Request for Attorney's Fees

The Court further denies JSM's request for attorney's fees incurred in having to defend against Marcum's motion. Although Rule 11(c)(2) allows the court to award the party prevailing on the motion for sanctions "the reasonable expenses, including attorney's fees, incurred for the motion," the Court finds such an award to be inappropriate in this instance. Marcum's motion was "not clearly frivolous and therefore an award of attorneys' fees is not warranted." *Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337, 361 (S.D.N.Y. 2005).[4]

## CONCLUSION

For the foregoing reasons, Marcum's motion for sanctions is **DENIED**. The Clerk of Court is respectfully requested to terminate the motion pending at Docket Number 59.

**SO ORDERED.**

DATED: New York, New York
July 13, 2026

The Honorable Gary Stein
United States Magistrate Judge

[4] To the extent that JSM suggests that the Court impose Rule 11 sanctions on Marcum, either for filing this sanctions motion or for denying JSM's claim of copyright infringement based on events in 2024 (*see* Opp'n at 26), the Court rejects that contention. For one thing, JSM did not comply with the procedural requirements set forth in Fed. R. Civ. P. 11(c)(2). *See Diamonds.net LLC v. Idex Online, Ltd.*, 254 F.R.D. 475, 476 (S.D.N.Y. 2008) (noting that a failure to comply with these requirements is "fatal" to a motion for sanctions under Rule 11). For another, there is no basis for a finding that Marcum's actions or contentions were frivolous or lacked a colorable basis.