**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
JSM MUSIC, INC.,

Plaintiff,

-against-

MARCUM LLP,

Defendant.
----------------------------------------------------------------------X

**24 Civ. 5219 (JHR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Defendant Marcum LLP ("Marcum" or "Defendant") has moved to strike the jury demand in this copyright infringement case insofar as it pertains to the potential remedy of disgorgement of profits. (Dkt. No. 74 ("Mot.")). Marcum argues that neither the Copyright Act nor the Seventh Amendment of the U.S. Constitution provides Plaintiff JSM Music, Inc. ("JSM" or "Plaintiff") with the right to submit the issue of disgorgement of profits to a jury. (*Id.* at 2). JSM opposes the motion. (Dkt. No. 80 ("Opp'n")). For the following reasons, Marcum's motion is premature and is therefore **DENIED** without prejudice to renewal following summary judgment practice.

## BACKGROUND

JSM commenced this action on July 10, 2024, claiming that Marcum infringed JSM's copyright in a musical mnemonic used in Marcum's "Ask Marcum" television advertising campaign. (Dkt. No. 1 ("Complaint" or "Compl.")). The parties have completed fact and expert discovery. (Dkt. No. 91). Both parties have indicated that they intend to file motions for summary judgment, but a briefing

schedule has not yet been set, and the precise scope of the motions is not yet known. (*See* Dkt. Nos. 84, 89; Dkt. No. 92, Transcript of March 4, 2026 Conference ("Tr.") at 5:16–6:22, 12:6–13:5).

In its Complaint, JSM seeks "[a]ll allowable damages under the Copyright Act, including statutory or actual damages, to be elected by JSM at the appropriate time pursuant to Section 504 of the Copyright Act." (Compl. at 7; *see also id.* ¶ 39 (seeking all statutory or actual damages available under the Copyright Act, including Marcum's "ill-gotten profits' and JSM's "lost licensing fees")). *See Martinka v. Hagedorn Commn's, Inc.*, No. 24 Civ. 3601 (LJL), 2025 WL 2642584, at *4 (S.D.N.Y. Sept. 15, 2025) ("Under the Copyright Act, the copyright owner can elect between two different types of damages upon a showing of infringement: (1) actual damages and any additional profits of the infringer or (2) statutory damages.").

Section 504(b) allows a copyright owner to "recover the actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Section 504(c) allows, as an alternative measure of damages, statutory damages of up to $30,000 in cases of non-willful infringement and up to $150,000 in cases of willful infringement. 17 U.S.C. § 504(c)(1), (2). The copyright owner may elect to receive statutory damages in lieu of actual damages and profits "at any time before final judgment is rendered." 17 U.S.C. § 504(c)(1).

When a party seeks statutory damages under Section 504(c), it has a right to a jury trial on that issue. In *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998), the Supreme Court held that, although Section 504(c) itself does not give the copyright owner a right to a jury trial on the issue of statutory damages, the Seventh Amendment does. *Id.* at 347, 355. It is also "well-settled that a party has the right to have a jury determine actual damages" under Section 504(b). *Engenium Sols., Inc. v. Symphonic Techs., Inc.*, 924 F. Supp. 2d 757, 790 (S.D. Tex. 2013); *see also* 3 Nimmer on Copyright § 12.10[A] (2026) ("[I]t is beyond dispute that a plaintiff who seeks to recover actual damages is entitled to a jury trial[.]").

However, whether a copyright owner has the right to have a jury determine the amount of the infringer's profits under Section 504(b) is an unsettled issue of law. Neither the Supreme Court nor the Second Circuit has decided the issue, and other federal courts have reached varying conclusions.

On the one hand, several district courts have concluded that neither the statutory language of Section 504(b) nor the Seventh Amendment confers the right to a jury trial on the issue of disgorgement of profits. *See Rearden LLC v. Walt Disney Pictures*, No. 17-v-4006-JST, 2023 WL 9187385 at *1 (N.D. Cal. Dec. 14, 2023); *Trent P. Fisher Enters. v. SAS Automation, LLC*, No. 3:20-216-TMR, 2023 WL 8358982, at *2–5 (S.D. Ohio Nov. 13, 2023); *Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR, 2022 WL 588889, at *2–3 (D. Kansas. Feb. 25, 2022); *Navarro v. Procter & Gamble Co.*, 529 F. Supp. 3d 742, 748, 751 (S.D. Ohio 2021);

*Fair Isaac Corp. v. Fed. Ins. Co.*, 468 F. Supp. 3d 1110, 1114, 1118 (D. Minn. 2020). Those cases generally reason that (1) the express language of Section 504(b) does not confer a right to a jury trial, *see, e.g.*, *Fair Isaac*, 468 F. Supp. 3d 1110 at 1114, and (2) because disgorgement is traditionally considered an equitable remedy, the Seventh Amendment does not confer a jury trial right either. *See, e.g., id.* at 1118 ("Even though copyright infringement is a legal claim, a determination of profits arising from the claim is not traditionally a question for the jury."); *Navarro*, 529 F. Supp. 3d at 751 ("[T]he history of the Copyright Act, as well as the way in which a profits-based remedy arose for copyright infringement, confirm that the disgorgement remedy under § 504(b) is necessarily [an equitable remedy], and not [a legal one].").

In *Rearden LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025), the Ninth Circuit also concluded that Section 504(b) does not confer a right to a jury trial, explaining that "'[n]othing in the language of' the Copyright Act 'or its legislative history implies any congressional intent' to provide a jury trial right on the profits remedy." *Id.* at 1076 (alterations in original) (quoting *Tull v. United States*, 481 U.S. 412, 417 n.3 (1987)). The Ninth Circuit did not, however, reach the constitutional issue because the plaintiff "d[id] not challenge the district court's ruling that disgorgement of profits is an equitable remedy, and thus the Seventh Amendment does not guarantee a jury trial right on the issue." *Id.* at 1072.

On the other hand, some district courts, including a pre-*Feltner* decision in this district, have concluded that Section 504(b) provides litigants with the right to

a jury trial on the issue of disgorgement of profits. *See Shapiro & Son Bedspread Co. v. Royal Mills Assocs.*, No. 83 Civ. 4077 (RWS), 1986 WL 6780, at *1 (S.D.N.Y. June 12, 1986); *Capture Eleven Grp. v. Otter Prods., LLC*, 724 F. Supp. 3d 1237, 1240 (D. Colo. 2023); *Huffman v. Activision Publ'g, Inc.*, No. 2:19-cv-00050-RWS-RSP, 2021 WL 2339193, at *5 (E.D. Tex. June 8, 2021). Those cases generally find that a right to a jury trial is implied through Section 504(b)'s statutory language, in some instances relying as well on the doctrine of constitutional avoidance. *See Huffman*, 2021 WL 2339193 at *4 ("Though *Fair Isaac* presents one reasonable interpretation of § 504(b), there is another competing fair and reasonable interpretation that would sidestep the underlying constitutional question; the alternative construction is therefore the preferred construction."); *Shapiro*, 1986 WL 6780 at *1 (denying motion to strike jury demand because Section 504(b)'s actual damages and disgorgement remedies "appear[]to be of equal import," so "a declaration that the equitable remedy predominates is unjustified").

Finally, one court has relied solely on the Seventh Amendment in finding a right to a jury trial on the issue of infringer profits, deeming it "constitutionally appropriate" to recognize such a right given "the inherently legal aspect of the remedy," even while simultaneously holding that no jury trial right may be found in Section 504(b) itself. *Bertuccelli v. Universal Studios LLC*, No. CV 19-1304, 2021 WL 2227337, at *2 (E.D. La. June 2, 2021).[1]

[1] The issue has also divided commentators. *Compare* 6 Patry on Copyright § 22:149 ("The reason Congress drafted § 504(b) the way it did, allowing an award of both actual damages and profits, is

## DISCUSSION

The parties' briefs on Marcum's motion to strike JSM's jury demand primarily debate the merits of whether JSM enjoys a jury trial right either under Section 504(b) or under the Seventh Amendment, with each brief championing those decisions that favor its side on this issue. (*See* Mot. at 3–9; Opp'n at 3–16). JSM, however, also makes a threshold procedural argument, contending that it is "premature" to decide the jury trial question prior to summary judgment motion practice. (Opp'n at 2–3). The Court finds this argument persuasive and dispositive of Marcum's motion.

While it is not yet clear exactly what arguments will be presented on summary judgment, JSM has stated that it will move for summary judgment on the issue of liability. (Tr. at 12:21–13:5). It is unclear whether Marcum will also move for summary judgment on liability. But Marcum has made clear that it does not believe JSM has sufficient evidence to prove either actual damages or profits to Marcum resulting from the alleged infringement. (*See* Dkt. No. 87 ("Reply") at 4 n.4 (asserting that "JSM has not provided any evidence that it suffered *any* actual damages in this case that would be assessed by a jury" (emphasis in original)); *id.* at 1–2 (asserting that JSM's "baseless allegation" that it can establish a causal nexus between Marcum's alleged infringement and Marcum's profits "remains

---

that Congress expected the same entity, whether judge or jury, to do so.") *with* Restatement of the Law, Copyright § 9.03 TD No. 3 (2022) ("This Restatement takes the position that disgorgement of a defendant's profits in a copyright-infringement case is an equitable remedy not subject to the Seventh Amendment's jury guarantee."); *see also* 5 Nimmer on Copyright § 14.03[E] (2026) (noting open nature of question).

unsupported by any information revealed in fact discovery" and noting that JSM has not proffered a damages expert to opine on whether JSM has established "a non-speculative nexus to seek any disgorgement of Marcum's allegedly 'ill-gotten' profits").

According to Marcum, because JSM "has not offered *any* credible theory" of damages under Section 504(b) that "could be evaluated by a jury," JSM will be "deemed to have elected (by default) to seek only statutory damages pursuant to Section 504(c)." (Reply at 3 (emphasis in original)). But if that turns out to be the case, then the issue of whether JSM is entitled to a jury trial on its disgorgement theory of damages will be rendered moot. Alternatively, if JSM were to elect prior to or during trial to seek statutory damages, then the issue raised by Marcum's motion also would be moot. It would be inefficient and prudentially unwise for the Court to decide the merits of Marcum's motion, which presents unsettled statutory and constitutional questions regarding a copyright owner's right to have a jury determine disgorgement of profits, if further developments in the case render those questions irrelevant.[2]

Case law in this district supports this approach. In *Taupita Investments, Ltd. v. Benny Ping Wing Leung*, No. 14 Civ. 9739 (PAE), 2017 WL 3600422 (S.D.N.Y. Aug. 17, 2017), the court denied defendants' motion to strike plaintiffs'

---

[2] That is particularly true insofar as a constitutional question is involved. *See Matal v. Tam*, 582 U.S. 218, 230–31 (2017) (explaining that "it is important to avoid the premature adjudication of constitutional questions" and that courts "ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable" (cleaned up)).

jury demand without prejudice, explaining that the motion raised a "substantial question" that "is better resolved following discovery and resolution of any motions for summary judgment, at which point it will be more clear which, if any, parties and claims are headed for trial." *Id.* at *13. Relying on *Taupita Investments*, the court in *Bulgari v. Bulgari*, No. 22 Civ. 5072 (LGS), 2025 WL 1569702 (S.D.N.Y. June 3, 2025), likewise found that the "substantial question" of whether a third-party claim "independently triggers the constitutional right to a jury trial" would be "better resolved following adjudication of any motions for summary judgment on [claims against the third party], at which point it will be clear which parties and claims will be involved in the trial." *Id.* at *2. The court thus denied the motion to strike the jury demand without prejudice to renewal following resolution of any summary judgment motion concerning the third-party claims. *Id.*; *see also Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.*, No. 03 Civ. 8259 (CSH), 2007 WL 3286645, at *2 (S.D.N.Y. Nov. 7, 2007) (deciding to hold motion to strike jury demand in abeyance because "resolution of [] summary judgment motions might moot that motion").

In addition, the courts that have ruled on the question presented here did so following summary judgment practice and, in the vast majority of instances, after the summary judgment motions had been decided. *See Rearden*, 152 F.4th at 1065 (ruling on motion to strike made at trial, following summary judgment practice); *Trent P. Fisher Enters.*, 2023 WL 8358982, at *1 (ruling issued after denial of defendants' summary judgment motion); *Assessment Techs.*, 2022 WL 588889 at *1

(noting previous summary judgment ruling); *Navarro*, 529 F. Supp. 3d at 745 (same); *Huffman*, 2021 WL 2339193 at *1 (ruling issued after district judge adopted magistrate judge's report and recommendation on defendant's motion for summary judgment, *see Huffman v. Activision Publ'g, Inc.*, 2021 WL 2141352 (E.D. Tex. May 26, 2021)); *Bertuccelli*, 2021 WL 2227337 (ruling issued after denial of defendants' summary judgment motion, *see Bertuccelli v. Universal City Studios LLC*, 2020 WL 6163402 (E.D. La. Oct. 21, 2020)); *Shapiro*, 1986 WL 6780 at *1 (ruling issued "on eve of trial" following Second Circuit's reversal of district court's summary judgment ruling, *see Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. 1985)).[3]

Marcum offers several arguments in support of why the Court should decide the motion to strike now. None is convincing.

First, Marcum emphasizes that "this district has found that a motion to strike a jury demand . . . may be made at any time[,]" and that the court may rule on such a motion prior to summary judgment practice. (Reply at 2). True enough. But the authority cited by Defendant merely highlights that the Court has

[3] While the *Capture Eleven* court ruled on the motion to strike prior to ruling on defendants' motion for summary judgment, it did so only *after* the motion had been fully briefed and just days before issuing its summary judgment ruling. *See Capture Eleven*, 724 F. Supp. 3d 1237 (decided May 31, 2023); *Capture Eleven Grp. v. Otter Prods., LLC*, No. 1:20-cv-2551-CNS-KLM, 2023 WL 3821194 (D. Colo. June 5, 2023). Similarly, the magistrate judge in *Fair Issac* issued his ruling on the motion to strike the jury demand (subsequently affirmed by the district judge) after the summary judgment motions had been filed and only two months before the case was deemed to be "trial ready." *See Fair Isaac Corp. v. Fed. Ins. Co.*, 408 F. Supp. 3d 1019, 1021 (D. Minn. 2019), *aff'd,* 468 F. Supp. 3d 1110 (D. Minn. 2020); Docket Sheet*, Fair Isaac Corp. v. Fed. Ins. Co.*, No. 16-cv-1054 (WMW/DTS) (D. Minn).

discretion as to when to rule on a motion to strike, and may even wait until the "eve of trial" to decide that motion. *See Bear, Stearns*, 2007 WL 3286645 at *3 (explaining that "a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial" (citations omitted)); *see also, e.g.*, *Smith v. Rochester Tel. Bus. Mktg. Corp.*, 786 F. Supp. 293, 310 (W.D.N.Y. 1992) (declining to decide motion to strike "in view of the present posture of the case[]"), *aff'd*, 40 F.3d 1236 (2d Cir. 1994). That the Court *may* rule on the motion to strike now does not imply that the Court *must* rule on the motion now, or that it *should* do so given the circumstances as described herein.

Next, Marcum argues that ruling on the motion to strike now "could call into question the need for summary judgment practice." (Reply at 3). Should the Court resolve the motion on the merits, Marcum explains, "the parties would be in a position to know which claims would be subject to a jury finding and those that were left to the Court." (*Id.* at 4). Thus, "[h]aving a ruling on [the motion] sooner, rather than later, would permit the parties to determine how subsequent briefing should unfold given the Court's predilection to not have summary judgment practice in non-jury cases." (*Id.*). Marcum's argument refers to Judge Rearden's individual rules, which state that "[a]bsent good cause, the Court ordinarily will not permit summary judgment practice in a non-jury case." Hon. Jennifer H. Rearden, *Individual Rules and Practices in Civil Cases* § 5(K)(i) (available at https://nysd.uscourts.gov/sites/default/files/practice_documents/JHR%20%20Rearde

n%20Individual%20Rules%20and%20Practices%20in%20Civil%20Cases%20%28March%206%2C%202026%29%20Final.pdf).

This argument also falls short. First, even assuming *arguendo* that the Court were to rule in favor of Marcum on the motion to strike JSM's jury demand insofar as it relates to disgorgement of profits, such a ruling would not transform this action into a "non-jury case." To the contrary, JSM would still have the right to a jury trial on the issues of liability and statutory damages (and/or actual damages). *See Feltner*, 523 U.S. at 355; *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1016 (7th Cir. 1991) (concluding that "when monetary damages of any kind are sought, the issues of infringement and willfulness are for the jury to resolve"); *Navarro*, 529 F. Supp. 3d at 754 (recognizing, after concluding that plaintiff had no right to a jury trial on profits-based damages, that the issues of liability and actual damages remained triable by the jury). As a result, a ruling on Marcum's motion to strike would not preclude summary judgment practice under Judge Rearden's rules.

Marcum seems to dispute that JSM has a right to a jury trial if only statutory damages are sought, pointing to a post-*Felter* case in this district finding that "[t]he Court . . ., by virtue of plaintiffs' choosing to pursue statutory damages only, is the fact-finder of damages[.]" *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002 (JSR), 2005 WL 2063819, at *1 (S.D.N.Y. Aug. 24, 2005). (*See* Reply at 3). But Marcum is simply wrong. The *Design Tex* court relied on the Second Circuit's pre-*Feltner* decision in *Oboler v. Goldin*, 714 F.2d 211 (2d Cir. 1983). However, *Oboler*'s holding that "[t]he determination of statutory damages . .

. is assigned by statute to the judge," *id.* at 213, was "later reversed by the Supreme Court in [*Feltner*]." 6 Patry on Copyright § 22:173 (2026). After *Feltner*, it is inarguable that "the Supreme Court has held that 'the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself,'" and that, consequently, "the amount of statutory damages within the statutorily permissible range 'is a question for the jury, unless both sides agree to decision by the court.'" *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (first quoting *Feltner*, 523 U.S. at 355, and then quoting *BMG Music v. Gonzalez,* 430 F.3d 888, 892 (7th Cir. 2005)).

Indeed, Defendant's Reply itself argues only that deciding the motion to strike "*could* call into question the need for summary judgment practice" and could cause Marcum to expend resources to "file *unnecessarily broad* dispositive motions." (Reply at 3 (emphasis added)). Marcum thus implicitly concedes that a ruling on the merits of its motion now may only narrow the scope of summary judgment practice, not eliminate it altogether. And indeed, JSM has made plain its intent to submit a motion for summary judgment on matters related to liability. (*See* Tr. at 12:7–13:5).

It is possible that if the Court were to rule on Marcum's motion to strike now (and if it were to rule in its favor), Marcum *might* decide to forgo the expense of seeking dismissal on summary judgment of JSM's profits damages theory. But Marcum has not said that a favorable ruling *would* cause it to forgo summary

judgment practice on this issue. And, as discussed above, there is no good reason to believe that Judge Rearden's rules would prohibit Marcum from moving for summary judgment on that issue, as the case will not be a bench trial in any event. It might not even be a pure bench trial on the issue of profits: JSM takes the position that even if the Court concludes that it has no right to a jury trial on that issue, an advisory panel should be empaneled to assist Judge Rearden in determining the amount of profit disgorgement, as other courts have done in the past. (*See* Opp'n at 14–15).

From a case management perspective, summary judgment practice involving the substantive merits of JSM's disgorgement claim would likely yield more significant benefits than deciding the jury trial issue at this time. A ruling on the jury trial issue would simply determine *who decides* the question of profits disgorgement. A ruling on a motion for summary judgment could eliminate—and, according to Marcum's view of the evidence, would eliminate—that question from the case altogether. Even if it did not, the ruling and the briefing on the motion would flesh out the underlying factual and legal issues in a manner that would likely focus and streamline the parties' trial presentations and, perhaps, facilitate settlement discussions.

Accordingly, the Court concludes that it is premature to decide Marcum's motion to strike JSM's jury demand at this time. Marcum's proposed order of operations—resolve the jury trial issue first, to be followed by summary judgment practice—gets things backwards. Summary judgment practice should come first.

Should Plaintiff's profits-based damages claim survive summary judgment, and any pretrial election of remedies Plaintiff may make, Defendant will be free to re-submit its motion to strike at that point.

## CONCLUSION

For the foregoing reasons, Marcum's motion to strike is **DENIED** without prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at Docket Number 73.

**SO ORDERED.**

DATED: New York, New York
September 17, 2026

The Honorable Gary Stein
United States Magistrate Judge