**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

JSM MUSIC, INC.,

Plaintiff,

-against-

MARCUM LLP,

Defendant.

---------------------------------------------------------------------X

**24 Civ. 5219 (JHR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Defendant Marcum LLP ("Marcum") seeks leave to file the Memorandum of Law in support of its September 8, 2025 Motion for Sanctions (Dkt. No. 61), and the Declaration of Barry M. Kazan (Dkt. No. 60 ("Kazan Decl.")) accompanying that motion, with redactions, and to file two exhibits attached to the Kazan Declaration (Exhibits 9 and 15) under seal. (Dkt. No. 58). For the following reasons, Marcum's motion is **DENIED** without prejudice.

Exhibit 9 consists of an e-mail thread produced by non-party Litchfield Entertainment Co. ("Litchfield") (Dkt. No. 60-9) and Exhibit 15 consists of a spreadsheet produced by non-party Vivvix (c/o MediaRadar) ("Vivvix") (Dkt. No. 60-15). The exhibits were referenced in the portions of Marcum's Memorandum of Law and the Kazan Declaration that Marcum wishes to redact. Marcum requests that the relevant documents be filed with redactions or under seal because Exhibits 9 and 15 were designated as confidential by counsel for the non-parties pursuant to the Protective Order in this case. (Dkt. No. 58 at 1). Marcum—perhaps understandably since the documents do not belong to it and were not designated as

confidential by it—does not provide any additional argument in favor of maintaining the confidentiality of these documents. More specifically, Marcum does not invoke or apply the standard outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), for determining whether materials warrant sealing and redaction.

"[T]he fact that a document is confidential or otherwise subject to a protective order is insufficient to justify sealing." *Trott v. Deutsche Bank, AG*, No. 20 Civ. 10299 (DEH), 2025 WL 2775990, at *2 n. 4 (S.D.N.Y. Sept. 30, 2025). This principle also applies to documents produced by non-parties. "Documents produced by third parties must meet the same standards for sealing that apply to other documents exchanged by the parties during discovery. And the fact that the parties have designated third-party material as confidential pursuant to the protective order entered in th[e] case does not alter the need to meet the *Lugosch* standard." *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907 (PGG) (SLC), 2021 WL 1400054, at *1 (S.D.N.Y. Apr. 14, 2021).

Lacking a factual basis to determine that the *Lugosch* standard has been satisfied, the Court must deny Marcum's sealing motion. However, the Court recognizes that Litchfield and Vivvix, as non-parties, may not be aware that documents they produced were filed and referenced on the docket in this action and are the subject of Marcum's sealing motion. The Court will give Litchfield and Vivvix an opportunity to be heard on the issue before ordering that Marcum's filings be unsealed and unredacted.

Accordingly, Marcum is hereby directed to provide Litchfield and Vivvix with copies of its sealing motion and this Order. By no later than October 7, 2026, Marcum shall file proof on the docket that it did so. Any party or non-party wishing to maintain under seal the relevant exhibits, and related references in Marcum's Memorandum of Law and the Kazan Declaration, must submit a letter-motion by no later than October 21, 2026, explaining the legal and factual basis for why such relief is warranted under the *Lugosch* standard. If no letter-motion is filed by that date, the Court will order the documents at issue to be filed publicly on the docket. The relevant filings shall be maintained under seal pending the filing of any further letter-motion and the Court's ruling thereon. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 58.

**SO ORDERED.**

DATED: New York, New York
September 30, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge